### HOLLOWAY et al. v. COLLEE et al.

(District Court, S. D. Florida. February 7, 1918.)

1. WILLS ☞440—CONSTRUCTION—INTENTION OF TESTATOR.
    The intention of the testator, as gathered from the will itself, should govern.

2. WILLS ☞487(2)—CONSTRUCTION—RELATION OF PARTIES.
    Evidence of the relations of the parties is admissible to aid in construing words of a doubtful meaning in a will.

3. WILLS ☞497(2)—CONSTRUCTION—PERSONS ENTITLED TO TAKE.
    Testator devised and bequeathed the residue of his property to named children and to his wife, share and share alike, with the provision that the surviving consort and issue of any of his children dying before his death should take the share such child would have taken, if alive. A

later paragraph of the will declared that it was the testator's desire that all his children should share equally in his estate, and made provision for after-born children. Complainant, a granddaughter of the testator, who was the child of a daughter who had died many years before the testator and who was not named in the will, asserted her right to share under the will, on the theory that she was included under the alternative provisions for the benefit of the issue of any of testator's children dying during his life and the declaration that the testator desired all children should share equally in his estate. *Held* that, though that construction of a will which supports the inheritance by child or grandchild should be preferred, complainant is not entitled to take under the will; the gifts over to the issue of the deceased children obviously referring to the issue of the children named, and the declaration of the testator that his children should share alike referring to after-born children.

4. WILLS ⏎479—INTERESTS—PAYMENTS.

One not entitled to take under the terms of a will acquires no rights by reason of payments to him by the executor.

In Equity. Bill by Beatrice H. Holloway and others against Louis A. Collee and others. Bill dismissed.

George C. Bedell, of Jacksonville, Fla., for plaintiffs.

W. A. MacWilliams, of St. Augustine, Fla., and John C. Cooper & Son, of Jacksonville, Fla., for defendants.

CALL, District Judge. The object of this suit is to construe the last will and testament of James L. Collee, so as to include the complainant granddaughter among the beneficiaries under said will, although she is not specifically named therein.

[1-3] The last will and testament of James L. Collee is set out in the bill in hæc verba, and after making certain bequests contains the following:

"Fifth. All the rest and residue of my estate, real, personal and mixed, in esse and in futuro, wherever the same may be at the time of my death, I devise and bequeath unto my children, Louis A. Collee, James R. Collee, Joseph B. Collee, George B. Collee, Raymond J. Collee, Arthur P. Collee, Otis M. Collee, Mamie J. Collee, Edna I. Collee, and my wife Georgia V. Collee, share and share alike, the surviving consort and issue of any of my children dying before my death taking share and share alike the share my child would have taken if alive."

The seventh paragraph reads as follows:

"It being my desire that all of my children shall share equally in my estate, should any child of mine be born after the execution of this will or after my death, I desire that it shall share equally with my other children and my wife above named, each devisee contributing ratably to make up the share of such child."

The complainant Beatrice H. Holloway is the granddaughter of the testator, being the child of Elizabeth Collee Solana, a daughter of the testator, who died many years prior to the death of James L. Collee, and prior to the making of the will in question, which was executed on December 26, 1903. The granddaughter had married, and had made her home in a place other than St. Augustine, some years before the making of the will.

As I understand the contention of the complainant, she claims to be entitled to participate in her grandfather's estate under the fifth paragraph of the will, as evidenced therein, and by the seventh paragraph, above quoted.

The intention of the testator is the determining factor in the construction to be given the instrument. That intention should be gathered from the instrument itself, and the construction of words of doubtful meaning can be helped by evidence of the relations of the parties, etc., and, in cases where the words are susceptible of two constructions, that construction will be given which supports the inheritance by a child or grandchild.

The fifth paragraph of the will names the recipients of the testator's bounty, and provides in the same sentence for the consorts and issue inheriting in case of death. It seems to me that a careful study of this paragraph should convince one that, although the word "any" is used before the word "children," in the latter part of the paragraph, the testator could have meant only those children specifically mentioned before. It is to me almost inconceivable that the testator should have been so particular to mention each child by name and vest in them the residue of his estate, and yet have meant by the subsequent portion of the sentence a child and consort of a long-dead daughter, and this although, as claimed by the complainant, the relations existing between the testator and his granddaughter were of the most affectionate character. Nor do I think the seventh clause of the will adds anything to the contention of the complainant.

That clause was clearly intended to provide for after-born children, if any there should be. That such after-born children "shall share equally with my other children and my wife above named" would seem to me to negative the construction contended for by complainants rather than support it. Reliance is placed on the words in the beginning of the paragraph, "It being my desire that all my children shall share equally in my estate;" but these words are followed by the words before quoted, in which he points out what children he meant should share in the estate.

[4] Nor do I think the payment to the complainant of money by the executor aids the complainant.

For these reasons I am of opinion that the equities are with the defendants, and a decree dismissing the bill will be entered.

Quite a lot of testimony was taken in support of the bill and the answers, and a number of objections were made at the taking of the same and insisted upon at the hearing, as well as a motion to exclude certain testimony on behalf of the defendants. I have not considered same, for the reason that in my judgment there are no such doubtful words in the will as to require testimony to aid in their construction.